

**FILED & ENTERED**

**JUL 18 2011**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Christian Brady Foster,<br><br><br><br><br>Debtor(s). | Case No: 8:11-bk-15434-MW<br><br>Chapter: 7<br><br>**MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE CITIMORTGAGE, INC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: July 18, 2011<br>Time: 9:00 AM<br>Location:  411 West Fourth Street, Courtroom 6C<br>               Santa Ana, CA 92701 |

CitiMortgage, Inc. ("CitiMortgage") filed a motion for relief from the automatic stay ("Motion") in the above-entitled case on June 20, 2011, docket number 15.  The Debtor filed an opposition to the Motion ("Opposition") on June 30, 2011, docket number 16.  After the Court issued a tentative ruling on July 12, 2011 indicating an intent to deny the Motion without prejudice for insufficient evidence that CitiMortgage held the note by virtue of an assignment of the note or the deed of trust, CitiMortgage filed a supplemental declaration in support of the Motion ("CitiMortgage's Supplemental Declaration), docket number 19, and the Debtor filed a supplemental declaration in support of the Opposition ("Debtor's Supplemental Declaration"), docket number 20.  The matter came regularly before the Court

for a hearing on July 18, 2011.  Catherine Vinh, Esq., appeared on behalf of CitiMortgage, and Joseph A. Roberts, Esq., appeared on behalf of the Debtor.

Based upon a review of the pleadings filed with the Court, the applicable law, and the arguments made by counsel during the hearing, the Court HEREBY ORDERS that the Motion is denied without prejudice for failure to produce sufficient evidence that CitiMortgage has the power to enforce the underlying obligation, such that it qualifies as a real party in interest under Rule 17 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 17; *In re Vargas*, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008); *see also Carpenter v. Longan*, 83 U.S. 271, 275 (1872); Cal. Civ. Code § 2936.  The Motion contained no evidence that CitiMortgage held the underlying note or received the underlying note by virtue of an assignment of the note or deed of trust from the original lender, Sea Breeze Financial Services, Inc. ("Sea Breeze").  CitiMortgage's Supplemental Declaration included a copy of the note with an undated allonge with an indorsement to CitiMortgage, and an assignment of deed of trust dated August 16, 2010 effected by Mortgage Electronic Registration Systems, Inc. ("MERS"); neither the allonge with the indorsement nor the assignment of deed of trust had been attached to the Motion.  The Debtor's Supplemental Declaration contended that the assignment of the deed of trust and the allonge were executed after Sea Breeze, a California corporation, had dissolved and submitted evidence that Sea Breeze had dissolved on December 18, 2009.  CitiMortgage failed to produce any legal or factual argument sufficient to establish how MERS, as nominee for Sea Breeze under the deed of trust, possessed the requisite power and authority to have assigned the note and deed of trust to CitiMortgage approximately nine months after Sea Breeze had dissolved.  Specifically, CitiMortgage has failed to why Sea Breeze's nomination of MERS did not lapse upon the dissolution of Sea Breeze.

Based upon the evidence presented, the Court cannot find that CitiMortgage qualifies as a real party in interest, *see In re Vargas*, 396 B.R. at 520, or that CitiMortgage holds a colorable claim of a lien

- 2 -

on the property of the estate, *In re Robbins*, 310 B.R. 626, 631 (B.A.P. 9th Cir. 2004); *see In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985).  The Motion is therefore denied without prejudice.

IT IS SO ORDERED.

###

DATED: July 18, 2011

*Mark S. Wallace*
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:
**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE CITIMORTGAGE, INC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 18, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Jeffrey I Golden (TR)    ljones@wgllp.com, jgolden@ecf.epiqsystems.com
Joseph A Roberts    joe@jarlegal.com, autumn@jarlegal.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Catherine T Vinh    ecfcacb@piteduncan.com

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Christian Brady Foster
24872 Tabuenca
Mission Viejo, CA 92692

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page